■ In the Matter of EDDIE STOKES, Appellant, v STATE OF NEW YORK, DIVISION OF PAROLE, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent dated March 28, 1978 which denied petitioner's request for parole, he appeals from a judgment of the Supreme Court, Dutchess County, entered June 9, 1978, which dismissed the petition. Judgment affirmed, without costs or disbursements. The court mistakenly stated the standard set forth in the repealed sections of the Correction Law and held that the Parole Board had complied therewith. However, an examination of the minutes of petitioner's hearing before the Parole Board shows that the board satisfied the relevant provisions of the Executive Law. Thus, the judgment which dismissed the petition should be affirmed. Titone, J. P., O'Connor, Lazer and Mangano, JJ., concur.

■ In the Matter of WESTCHESTER ROCKLAND NEWSPAPER, INC., Respondent-Appellant, v LESTER M. KIMBALL, as Clerk and Records Access Officer of the Town of Ossining, et al., Appellants-Respondents.—In a proceeding pursuant to CPLR article 78 to compel the disclosure of certain records under article 6 of the Public Officers Law (the Freedom of Information Law), the parties cross-appeal from a judgment of the Supreme Court, dated October 2, 1978 and entered in Westchester County, which directed that the records pertaining to the "50-50 Club" lottery of the Village of Ossining Volunteer Fire Department be opened for inspection by petitioner, and permitted the village officials (rather than the court in camera) to delete identifying details of the recipients of the lottery funds who received such funds on the basis of economic need. Judgment modified, on the law, by deleting the second decretal paragraph thereof and substituting therefor a provision that deletion of identifying details of those recipients of the lottery funds who received such funds on the basis of economic need shall be made by the court in camera. As so modified, judgment affirmed, without costs or disbursements. Disclosure of the lottery records as directed by Special Term is in accord with the declared purpose of the Freedom of Information Law (see Public Officers Law, § 84, L 1977, ch 933, § 1, eff Jan. 1, 1978; former § 85, L 1974, ch 578, § 2). On the question of who shall delete identifying details of the economically needy recipients of the lottery funds, in order to avoid an unwarranted invasion of personal privacy (see Public Officers Law, § 87, subd 2, par [b]; § 89, subd 2), we believe petitioner correctly argues that it should be the court in camera rather than the village officials (see Matter of Westchester Rockland Newspapers v Mosczydlowski, 58 AD2d 234). Mollen, P. J., Hopkins, Titone and Mangano, JJ., concur.